Taylor, Chief-Justice.
 

 Where a Plaintiff’s claim, under the book-debt law, is proved, solely by his own oath, he is not entitled to recover for any articles delivered more than than two years before, the action brought. But, if, instead of his own oath, lie relies upon indifferent testimony, he may, under the 5th section, recover upon a book account, for goods sold, or work done, within five years before the commencement of the suit; but even in that case, the book' of accounts shall not bar received in evidence for goods sold, or work done, more than five years before the action brought.
 

 It was thought, by the legislature, that the Plaintiff’s memory could not be safely trusted, after the lapse of two years, biased as it might be, by the interest he felt in the case; and that, after the lapse of five years, even disinterested witnesses could not be implicitly confided in, or that the Defendant might have lost the evidence of payment.
 

 
 *542
 
 But it is objected, that five years having expired before the issuing the warrant, the account could not be established, even hy indifferent witnesses. It is true that they could not, after that time, prove the entries in the book, for the mischiefs likely to arise from thence, were precisely what the act, by its limitation, intended to obviate. But if indifferent witnesses prove an acknowledgment of (ho account, within three years before issuing the warrant, what possible evil can thence arise ? The effect of such an acknowledgment must be the same, as it is in cases arising under the common statute of limitations, a revival of the original promise, not the creation of a new cause of action; for the lapse of time does not extinguish the debt, but only suspends the remedy. Such evidence places the case omthe same footing, as if it were brought within five, years. That, in point of fact, there was no surprise on the Defendant, is manifest from this, that he pleaded .the statute of limitations, thereby intending to insist that the book could not be proved by indifferent witnesses, if the «articles were delivered, or the work done, more than three years before the issuing the warrant.
 

 Now the words of that statute aro, that suit must be brought within three years next after the cause of such action or suit, and not after j yet the declaration, except against executors, charges and relies upon the. original contract j and if the statute of limitations be pleaded, and the cause of action had, in truth, occurred more than three years before suit brought, the only question is, whether the defence given by the statute is waived; and it is waived by a new promise.. — (16
 
 East.
 
 419.)
 

 Nor does even the replication to the plea, state such new promise, or acknowledgment 5 it simply denies the plea, and refers to the promise, as set forth in the declaration. — (2
 
 Chitty Plead.
 
 605.) The principle on which the statute is founded, is the- lapse of memory and the loss of evidence : but when
 
 aa
 
 acknowledgment is proved
 
 *543
 
 to have been made, within I he limited period, it furnishes evidence that the presumption, on which the law proceeds, is contrary to the fact in the particular case. The very same reasoning applies to the book-debt low, which, without such si construction, will put debts, thus evidenced, upon a worse footing than other simple contracts, and instead of convenience and beneficial effects, which the legislature meditated, will be productivo of the greatest mischief,
 

 Hall, Judge.
 

 It is not necessary that the book-debt law should be pleaded by the Defendant, in order to bring it into operation. It operates upon the claim of the Plaintiff, it declares that no book of accounts, although tfie saíne shall be proved by witnesses, sisal! be admitted or received, if the items in it were of five/.years standing, when the suit, was brought. This must be understood to mean, when the Plaintiff cannot establish them,
 
 independent
 
 of the book. As when a witness declares that the entries in a book were in his hand-writing, that he made no such entries, unless he delivered the articles themselves, or saw them delivered by others, but that he has no recollection of the delivery of such articles, independent of the book in which the anides arc charged. In such case the Plaintiff’s claim rests upon the book, and the evidence given by the witnesses, and, in such case, the act forbids the book to be received in evidence.
 

 But when the delivery of the articles, &c. can be proved by evidence, independent of the book, although they may be charged in a book, the case does not fall within the act, which points out the method of proving book-debts $ and so, a promise to pay the debt, or an acknowledgment of it, is competent and admissible evidence, and not within it.
 

 1, therefore, think a new trial should be grassiest
 

 Henderson, Judge, concurs,